1 LINDA B. OLIVER (SBN 166720)
loliver@maynardcooper.com
2 MAYNARD, COOPER & GALE, LLP
600 Montgomery Street, Suite 2600
San Francisco, CA 94111
3 Telephone: (415) 646-4700
Facsimile: (205) 254-1999

4 Attorney for Defendant
HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| DAVID EIGNER, | Case No.: 2:17-CV-00211-VAP-JEM |
|---|---|
| Plaintiff, | **DEFENDANT'S OPPOSITION TO PLAINTIFF'S STATEMENT OF FACTS** |
| vs. | |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | Date: October 23, 2017 |
| | Time: 2:00 p.m. |
| Defendant. | Courtroom: 8A |
| | Hon. Virginia Phillips |

Pursuant to this Court's Standard Order, [Doc. 9] at page 4, Defendant Hartford Life and Accident Insurance Company ("Hartford") responds to Plaintiff's Statement of Uncontroverted Facts, [Doc. 22-1], as follows:

| Pl's SUF No. | Fact | Supporting Evidence | Defendant's Response |
|---|---|---|---|
| 1. | Mr. Eigner was employed as a corporate safety manager for Silgan Container Corporation. He last worked in September 2010. His disability claim is | AR 342[1] | Undisputed in part as to Plaintiff's prior position, former employer, termination of employment, and date |

---

[1] Citations to "AR ___" are to the applicable Plan document and the Administrative Record filed concurrently with this motion. The Plan document is labeled "AR 2259" through "AR 2335" and the Administrative Record is labeled "AR 001" through "AR 2258."

1

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S STATEMENT OF FACTS**

| | | | |
|---|---|---|---|
| | based on spinal problems and symptoms associated with them as well as bilateral carpel tunnel syndrome. He received LTD benefits from March 28, 2011 to February 29, 2016. | | range of benefits award<br><br>Disputed in that Plaintiff initially sought benefits on the basis of "neck pain, headaches, limited range of motion in neck and mid back pain." (AR 1877) |
| 2. | Plaintiff complained of neck and shoulder problems for years. In January 2007, he had his first neck surgery. The surgery seems to have failed requiring a second on July 7, 2007. At the end of the surgeries, he had three neck vertebrae fused. | AR 453 | Undisputed that Plaintiff underwent two back surgeries in 2007. Disputed to the extent the description of his medical history in 2007 (located at AR 453) differs from Plaintiff's characterization. |
| 3. | In September 2009 he complained of left shoulder and neck pain with the pain radiating down his arm. It was suspected the fusion and a rotator cuff tear were probably responsible. In October 2009, he had surgery on his left shoulder. | AR 454 | Undisputed that Plaintiff complained of left shoulder and neck pain in September 2009 and that he had left shoulder arthroscopic surgery in October 2009. AR 454. Disputed are to speculation as to cause of pain. |
| 4. | In a record dated December 8, 2009, a neurosurgeon wrote that Plaintiff's problems were long-term and would probably never resolve because spinal cord abnormalities were revealed on an MRI. | AR 820 | Disputed as to characterization given that doctor indicated the problems were "likely" long-term and suggested a referral to a physiatrist for further follow-up. AR 820. |
| 5. | By May 2010, plaintiff was complaining of bilateral shoulder pain. He was thought to have a right shoulder rotator cuff tear. An MRI the next month was | AR 203 | Undisputed. |

2

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S STATEMENT OF FACTS**

|   |   |   |   |   |
|---|---|---|---|---|
| 1 |   | positive for impingement syndrome in the shoulder. |   |   |
| 2 | 6. | Right shoulder arthroscopic surgery followed on November 9, 2011. | AR 204 | Undisputed. |
| 3 |   |   |   |   |
| 4 | 7. | On February 19, 2013, Plaintiff was examined by Dr. Karl Epstein at the request of Hartford. | AR 739 | Undisputed. |
| 5 |   |   |   |   |
| 6 | 8. | Dr. Epstein concluded that Plaintiff could work a maximum of 4 hours a day with breaks; that his sitting, standing and walking should be limited to less than 4 hours a day with breaks every 30 minutes; that the maximum he could push, pull, and lift was 3 to 5 pounds; and he could rarely reach above shoulder, at waist, below waist, rarely stoop, kneel, crawl, climb, and use hands bilaterally. | AR 742 | Undisputed |
| 7 |   |   |   |   |
| 8 |   |   |   |   |
| 9 |   |   |   |   |
| 10 |   |   |   |   |
| 11 |   |   |   |   |
| 12 | 9. | On April 26, 2013, plaintiff was awarded social security disability benefits. | AR 435 | Disputed as to characterization given that social security award was dated April 26, 2013, but it determined that "based on the application for a period of disability and disability insurance benefits filed on July 13, 2011, the claimant has been disabled under sections 216(i) and 223(d) of the Social Security Act since September 28, 2010. Medical improvement is expected with appropriate treatment. Consequently, a continuing disability |
| 13 |   |   |   |   |
| 14 |   |   |   |   |
| 15 |   |   |   |   |
| 16 |   |   |   |   |
| 17 |   |   |   |   |
| 18 |   |   |   |   |
| 19 |   |   |   |   |
| 20 |   |   |   |   |
| 21 |   |   |   |   |

3

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S STATEMENT OF FACTS**

| | | | |
|---|---|---|---|
| | | | review is recommended in 36 months." AR 440. |
| 10. | The social security administrative judge found that Mr. Eigner's walking and standing limit was 4 hours per 8 hour day and his sitting ability was the same. Further, he could not hold his head in a fixed position if looking down and there was no rotation, flexion or extension of his neck. "The claimant can concentrate in intervals no longer than 30 minutes and must break for no longer than 5 minutes due to pain." | AR 437 | Undisputed as to application filed on July 13, 2011 with disability date determined to be September 28, 2010. AR 437, 440.<br><br>Disputed as to characterization that findings would apply in 2016 given administrative law judge's finding that "Medical improvement is expected with appropriate treatment. Consequently, a continuing disability review is recommended in 36 months." AR 440. |
| 11. | Complaints of pain resulted in a MRI positive for Supraspinatus tendinosis in the left shoulder in April 2013. | AR 887, 893 | Undisputed. |
| 12. | On January 20, 2016, Hartford had a second IME performed. The doctor, Sri Mummaneni opined "The claimant should be able to sit for the majority of an average 8 hour work day … as long as he may change positions as needed … The claimant can stand for 30 minutes at a time, and alternate with sitting during an 8 hour work day. He can walk 30 minutes at a time and alternate with sitting during an 8 hour work day." | AR 473 | Undisputed as to an IME occurring on January 20, 2017. Disputed as to Plaintiff's incomplete quotation of opinion: "The claimant should be able to sit for the majority of an average 8 hour day, **up to 40 hours a week**, as long as he may change positions as needed, **including standing, stretching or walking on an as needed basis**…" (AR 473) |

4

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S STATEMENT OF FACTS**

| | | | |
|---|---|---|---|
| 13. | Based on the report of Dr. Mummaneni, Hartford terminated benefits on February 29, 2016. | AR 341 | Undisputed that Hartford terminated Plaintiff's LTD claim on February 29, 2016.<br><br>Disputed as to characterization that Hartford's decision was based solely on Dr. Mummaneni's report. Hartford's termination letter includes several grounds and speaks for itself as to its claims decision rationale. AR 1916-1920. |
| 14. | The plaintiff appealed the termination of his LTD benefits and submitted further medical records. | None provided | Undisputed. |
| 15. | Dr. Splies had been treating Mr. Eigner for severe low back pain radiating into his legs; x-rays show spurring in the low back and degenerative disc disease particularly at L4/5; complaints of neck and mid back pain; and "Mr. Eigner's spinal condition is progressive and has gotten worse, not better." | AR 351 | Undisputed as to recitation of chiropractor's declaration submitted by counsel in support of Plaintiff's appeal<br><br>Disputed as to conclusion that Plaintiff's condition "has gotten worse." (AR 76-78, 1191-1214, 1323). |
| 16. | Dr. Splies limited sitting, standing, and walking to 1 hour each per 8 hour day. | AR 324, 553 | Undisputed as to chiropractor's opinion |
| 17. | Dr. Splies noted that opiate pain medication was affecting plaintiff's cognition and coordination. | AR 554 | Undisputed as to chiropractor's opinion<br><br>Disputed as to assertion that Plaintiff suffered side effects from medication that impaired his ability to |

5

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S STATEMENT OF FACTS**

| | | | |
|---|---|---|---|
| | | | return to work. AR 197, AR 208-09 ("The available medical evidence does not support that Mr. Eigner's medications and/or side effects have caused any persistent adverse effects to warrant any work restrictions.") |
| 18. | Dr. Gary Deutsch, Mr. Eigner's long time doctor, found him totally disabled from all occupations. He noted that plaintiff suffered from fatigue, difficulty concentrating due to pain, depression, and the medication he was taking for both. He also limited Mr. Eigner to 2-4 hours a day of sitting and standing/walking. | AR 526<br><br>AR 320, 725 | Undisputed as to recitation of chiropractor's declaration submitted by counsel in support of Plaintiff's appeal as to Plaintiff's sitting and standing and walking limitations and restrictions.<br><br>Disputed as to the characterization of Dr. Deutsch's opinions as to Plaintiff's other conditions as they are not noted on the cited pages. *See also* AR 320 (asking Dr. Deutsch if Plaintiff had a "cognitive impairment" to which he responded "no" and also responded "yes" in response to question whether Plaintiff was competent to endorse check and direct the use of proceeds); AR 209. |
| 19. | In September 2016, Hartford had the medical records reviewed by Dr. Krouskop. | AR 198 | Undisputed that Hartford had a board certified physical medicine and rehabilitation specialist |

6

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S STATEMENT OF FACTS**

| | | | |
|---|---|---|---|
| | | | review the records. AR 76-78; 198-210. |
| 20. | Dr. Krouskop spoke with Dr. Deutsch and never questioned Deutsch's opinion that "Mr. Eigner could sit and stand/walk each four hours per day with allowance to change posture between sitting and standing." | AR 200 | Disputed. Dr. Krouskop did **not** agree with Dr. Deutsch's opinion. AR 208-09 ("Mr. Eigner should be allowed to change posture from sitting to standing once or twice per hour" … "[With these] restrictions/limitations … he would be capable of performing work duties for eight hours per day, 40 hours per week on a sustained basis." |
| 21. | Hartford affirmed its decision to terminate benefits on October 19, 2016. | AR 1886 | Undisputed. AR 1886-1891. |
| 22. | According to the plan, a person is totally disabled when they are "continuously unable to engage in any occupation for which you are or become qualified by education, training or experience. | AR 413 | Undisputed. AR 2266. |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S STATEMENT OF FACTS**

DATED: September 15, 2017        MAYNARD, COOPER & GALE LLP

*/s/* Linda B. Oliver
Linda B. Oliver
*Attorney for Defendant*
*Hartford Life and Accident*
*Insurance Company*

# PROOF OF SERVICE

STATE OF CALIFORNIA, )
COUNTY OF SAN FRANCISCO )

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 600 Montgomery Street, Suite 2600, San Francisco, California 94111.

On the date indicated below, I served the foregoing document described as:

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S STATEMENT OF FACTS**

☑ By CM/ECF ELECTRONIC SERVICE: The following recipients are registered as CM/ECF Users with the Court, and have consented to service through the Court's automatic transmission of a notice of electronic filing:

Charles J. Fleishman
The Fleishman Law Firm
21243 Ventura Blvd., Ste. 141
Woodland Hills, CA 91364

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed September 15, 2017, at San Francisco, California.

_____
Rachel Ouk