LINDA B. OLIVER (SBN 166720)
loliver@maynardcooper.com
MAYNARD, COOPER & GALE, LLP
600 Montgomery Street, Suite 2600
San Francisco, CA 94111
Telephone: (415) 704-7433
Facsimile: (205) 254-1999

Attorney for Defendant
HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

DAVID EIGNER,

                    Plaintiff,

    v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY, et al.

              Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 17-CV-00211-VAP-JEM

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S STATEMENT OF UNDISPUTED FACTS SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Date: October 23, 2017
Time: 2:00 p.m.
Courtroom: 8A

Defendant Hartford Life and Accident Insurance Company ("Hartford") hereby

submits its Statement of Undisputed Facts in Support of its Motion for Summary

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Judgment, as follows:

## I.   STATEMENT OF FACTS

### A.   The Plan

| Def.'s SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 1. | Hartford issued Group Insurance Policy No. 303856 (the "Policy") to insure the long-term disability program for eligible employees of Silgan Containers Corporation ("Silgan"). | AR 2260-2335.[1] |
| 2. | Silgan served as the Plan's Plan Administrator and Sponsor. | AR 2281. |
| 3. | Hartford served as the Plan's claim administrator. | |
| 4. | For purposes of Plaintiff's ongoing eligibility for LTD benefits, the Policy requires a claimant to satisfy the "Occupation Qualifier," or if employed, the "Earnings Qualifier." | AR 2266. |
| 5. | Because Plaintiff received disability benefits for more than 24 months, the definition of "Occupation Qualifier" that applies to Plaintiff is as follows:<br><br>**Occupation Qualifier**<br><br>*Disability* means that *Injury* or | AR 2266. |

---

[1] Citations to "(AR ___ )" are to the applicable Plan document and the Administrative Record, filed concurrently with this motion.  The Plan document is labeled "AR 2259" through "AR 2335," and the Administrative Record is labeled "AR 001" through "AR 2258."

04162186.1

2

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | *Sickness* causes physical or mental impairment to such a degree of severity that *You* are: | |
| | 1) continuously unable to engage in any occupation for which *You* are or become qualified by education, training or experience; and | |
| | 2) not *Gainfully Employed*. | |
| | The **Earnings Qualifier** is defined as follows: | |
| | *You* may be considered *Disabled* during and after the *Elimination Period* in any month in which *You* are *Gainfully Employed*, if an *Injury* or *Sickness* is causing physical or mental impairment to such a degree of severity that *You* are unable to earn more than 80% of *Your Monthly Earnings* in any occupation for which *You* are qualified by education, training or experience. On each anniversary of *Your Disability*, *We* will increase the *Monthly Earnings* by the lesser of the current annual percentage increase in *CPI-W*, or 10%.<br><br>. . . | |
| 6. | In order to meet the Earnings Qualifier provision, Plaintiff must be "Gainfully Employed."[2] | |

---

[2] "Gainfully Employed" is defined as "the performance of any occupation for the Participating Employer, another Employer or *You*, which is reasonably attainable and which offers opportunity to restore *You* as soon as practicable and as near as possible to maximum support; due consideration being given to *Your* education, training or experience, and future earnings capacity. (AR 2278).

04162186.1

3

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| 7. | Since he was not working during the time he received benefits, he was not considered Gainfully Employed and therefore his claim was not adjudicated under the Earnings Qualifier position. | AR 1899-1901. |
|---|---|---|
| 8. | Plaintiff had the responsibility of submitting sufficient Proof of Disability under the Policy. "Proof of Disability" includes the following:<br><br>. . .<br><br>2)    The cause of *Your Disability*;<br><br>3)    The prognosis of *Your Disability*;<br><br>4)    Proof that *You* are receiving *Appropriate and Regular Care* for *Your* condition from a *Doctor*, who is someone other than *You* or a member of *Your* immediate family.<br><br>5)    Objective medical findings which support *Your Disability*. Objective medical findings include but are not limited to tests, procedures, or clinical examinations standardly accepted in the practice of medicine, for *Your* disabling condition(s).<br><br>. . . | AR 2275. |

### B.    *Plaintiff's Claim and Award of LTD Benefits*

| Def.'s SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 9. | Plaintiff worked as a safety manager | AR 1874. |

04162186.1

4

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | for Silgan before he stopped working on September 28, 2010. | |
| 10. | The Employer's Statement of his LTD application noted that his employment was "ending" due to job elimination. | AR 1874. |
| 11. | Plaintiff also completed his portion of the application indicating that he could no longer work due to shoulder, neck and back pain, and headaches. | AR 1876-77. |
| 12. | His treating internist, Dr. Deutsch, indicated that Plaintiff underwent a cervical fusion in April 2007. | AR 1881. |
| 13. | Dr. Deutsch also indicated that Plaintiff had difficulty turning his neck, but as of March 2011 that Plaintiff had <u>no</u> limits on standing, sitting, and walking.  He also opined that Plaintiff should not carry, lift, push or pull more than 20 lbs., and that he could not reach or work overhead. | AR 1882. |
| 14. | Plaintiff had earlier applied for and been awarded LTD benefits by Hartford commencing June 1, 2008. | AR 2216-19. |
| 15. | Hartford terminated this prior award of benefits in November 2008 after being notified by Plaintiff's employer that he had returned to full-time work with no restrictions as of October 16, 2008. | AR 2211-2213. |
| 16. | Plaintiff again applied for LTD benefits under the Policy in April 2011. | AR 1998. |
| 17. | Hartford awarded LTD benefits for a second time with a benefit effective | AR 1986-1989. |

04162186.1

5

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | | |
|---|---|---|---|
| | | date of March 28, 2011. | |
| | 18. | Effective March 28, 2013, Hartford awarded LTD benefits to Plaintiff under the second prong of the Occupation Qualifier disability definition. | AR 1966, 1970-71. |
| | 19. | In this letter, Hartford noted that "[p]eriodically, we will provide you with supplementary claim forms so you can furnish us with continued proof of Total Disability." | AR 1966. |
| | 20. | In 2013, Hartford was notified that Plaintiff had been awarded Social Security Disability Income ("SSDI") Benefits and that the Social Security Administration ("SSA") had determined him to be disabled under their rules on September 28, 2010. | AR 1428-29. |

### C.   Hartford's Ongoing Review of Plaintiff's Claim in 2015 and 2016 Claim Determination

| Def.'s SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 21. | In April 2015, Hartford undertook a periodic review of Plaintiff's claim. | AR 1227-35, 1394-97, 1958-59. |
| 22. | It collected medical records from Plaintiff's treating physicians, including chiropractor Dr. Noah Splies, internist Dr. Gary Deutsch and cardiologist Dr. Gary Mitchell. | AR 1954, 1956. |

1.   <u>Treating Physician Records</u>

<u>Dr. Splies:</u>

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| Def.'s SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 23. | Plaintiff's chiropractor regularly treated him for back and neck pain. All of these visits reflected the same medical history reciting the same August 2014 x-ray results and the 2007 surgery. | AR 1355-63. |
| 24. | On January 27, 2015, Plaintiff visited Dr. Splies complaining of left pelvic pain and mid-back pain and complaining that he was "unable to surf at this point." | AR 1355. |
| 25. | On February 17, 2015, Plaintiff visited Dr. Splies complaining of right knee pain, left pelvic pain and mid-back pain and stating that "his right knee started acting up since he's increased his workout." | AR 1358. |
| 26. | On April 29, 2015, Dr. Splies noted decreased range of motion in the lumbar region and Plaintiff reported that he played nine holes of golf which resulted in flared right left pain. | AR 1360. |
| 27. | On July 20, 2015, Plaintiff visited Dr. Splies complaining of flared right sciatic pain, left pelvic pain, mid-back pain and right knee back noting a new injury to his shoulders after engaging in an altercation with a lifeguard resulting in him being handcuffed. | AR 1362. |
| 28. | The chiropractor recommended he seek a second opinion from an orthopedist. | AR 1363. |

04162186.1

7

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| 29. | Plaintiff then visited Dr. Splies several times in October 2015 complaining of overall pain after a slip and fall incident at a retail store. | AR 1272-1281. |
| 30. | Dr. Splies again recommended that Plaintiff seek an orthopedic second opinion. | AR 1275, 1281. |

Dr. Deutsch:

| Def.'s SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 31. | Plaintiff also saw his internist on a routine basis.  During a February 2015 visit, Dr. Deutsch noted that Plaintiff's neck and back pain were "fluctuating." Plaintiff described the pain as an ache and dull and indicated that his symptoms were aggravated by walking, but did not mention sitting. | AR 1369, 1371. |
| 32. | Plaintiff's physical examinations were normal. | AR 1369, 1371. |
| 33. | During an August 7, 2015 visit, Dr. Deutsch noted that plaintiff's musculoskeletal pain was mild to moderate and again noted that "the problem is fluctuating."  He added that the pain was concentrated in the elbow due to Plaintiff's June 2015 arrest. | AR 1294. |
| 34. | On physical exam, Dr. Deutsch noted only a mildly reduced range of motion in Plaintiff's right elbow due to the arrest incident, and did not mention spinal pain or problems. | AR 1296. |

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| 35. | On December 10, 2015, Dr. Deutsch indicated that he did not believe Plaintiff could work forty hours a week due to pain and prior surgeries, but he did not supply specific restrictions and limitations at this time. | AR 1225-26. |

Dr. Mitchell:

| Def.'s SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 36. | On July 6, 2015, Plaintiff saw his cardiologist for the first time in over nine months. | AR 1283. |
| 37. | On his previous visit he had received a prescription for a beta blocker but he had self-reduced his dosage. | AR 1283. |
| 38. | Dr. Mitchell noted his recent arrest which had created some agitation though Plaintiff had been asymptomatic since his release. | |
| 39. | Dr. Mitchell also noted that that status of "his previous substance abuse is unclear" and that his only previous cardiac episode had been precipitated by substance abuse. | AR 1283; AR 1285. |
| 40. | On December 4, 2015, Dr. Mitchell called Hartford and advised that Plaintiff had no restrictions or limitations from a cardiac perspective and suggested that Hartford contact Plaintiff's other treating physicians. | AR 2085-2086. |

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

1        2.    Hartford's Assessment Tools

2        Surveillance:

| Def.'s SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 41. | Hartford arranged for surveillance of Plaintiff on several dates, including July 12, 2015. | AR 1327-1352; Video[3]. |
| 42. | On July 17, 2015 in particular, Plaintiff was observed being highly physically active attending a beach festival and participating in related activities over the course of approximately fourteen (14) hours. | AR 1333-1340. |
| 43. | Approximately 3 hours and 20 minutes of actual footage was captured, but the Report as a whole reflects activity for nearly 14 hours. | AR 1328; Video. |
| 44. | The Report summarizes the footage:<br><br>We obtained approximately 3 hours 20 minutes of film of the individual as he entered and exited a vehicle; placed items inside a vehicle; drove; waved his right hand; drove a gold cart; closed a garage; sat; entered and exited a golf cart; pumped gas; bent at the waist as he screwed on a gas cap and leaned into a golf cart and sifted through items; unloaded equipment from the golf cart; carried four orange cones and placed them on the ground; carried several cases of water; carried a trash | AR 1328. |

[3] The video will be supplied to the Court conventionally and with the Court's courtesy copy.

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | bag; conversed; carried a stroller and placed it in the back of the golf cart; retrieved the stroller from the cart; lifted a bale of hay; drank; twisted to his left as he looked behind himself; ran; walked; bent at the waist as he moved a tarp; ascended and descended stairs; and bent at the waist on several occasions.  The individual appeared to move in a normal manner and no discernible means of artificial supports were seen. | |

In-Person Interview:

| Def.'s SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 45. | Given the surveillance and the fact Plaintiff's reported limitations and the restrictions provided by his treating physician appeared excessive based on the medical records in the file, Hartford arranged for an in-person interview to be conducted at Plaintiff's residence. The interview on September 17, 2015 lasted for an hour. | AR 1323. |
| 46. | Plaintiff sat without slouching and sat upright for the entire interview without any signs of pain or discomfort. | AR 1325. |
| 47. | He reported that he could sit in a vehicle for about 30 minutes, but also reported traveling to Mexico and Hawaii twice on a few occasions. | AR 1309, 1326. |

Independent Medical Examination (IME):

| Def.'s SUF | Fact | Supporting Evidence |
|---|---|---|

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| No. | | |
|---|---|---|
| 48. | On January 20, 2016, Dr. Sri Mummaneni, an occupational medicine specialist, conducted an in-person medical examination of Plaintiff. | AR 1191-1214. |
| 49. | He first interviewed Plaintiff about his medical history, pain complaints and activity level (of which Plaintiff admitted golfing once or twice per month).  Then, Dr. Mummaneni conducted a physical examination, reviewed Plaintiff's medical records and reviewed the surveillance video. | AR 1201-12. |
| 50. | As a board certified occupational medicine specialist and with the benefit of a physical examination of Plaintiff, Dr. Mummaneni then rendered the following opinions: (1) Plaintiff should be able to "**sit for the majority of an average 8 hour day up to 40 hours a week, as long as he may change positions as needed**…"; (2) Plaintiff "can stand for 30 minutes at a time, and alternate with sitting during an 8 hour day.  He can walk for 30 minutes at a time and alternate with sitting during an 8 hour work day."; (3) Plaintiff has no restrictions on his ability to reach below the waist and at the waist level, but due to his post-cervical fusion and decreased range of motion in the cervical spine, he cannot reach overhead; and (4) Plaintiff can lift and carry up to 20 lbs. occasionally and 10 lbs. frequently up to 4 hours a day due to the effect of his cervical | AR 1213-1214. |

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | fusion and shoulder issues. | |

Employability Analysis:

| Def.'s SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 51. | On February 24, 2016, Hartford analyzed Plaintiff's ability to return to alternative occupations based on his functional capabilities, education, training and work history. | AR 1136-1155. |
| 52. | Hartford adjusted Plaintiff's ability profile to incorporate Dr. Mummaneni's recommendations with respect to no reaching overhead. The analysis yielded five sample sedentary occupations that met Plaintiff's wage and physical requirements, and noted:<br><br>These sedentary occupations include the same work activities in the same industries as jobs Mr. Eigner has done in the past or similar work activities in similar industries as jobs Mr. Eigner has done in the past. The viable employment matches selected above could be performed with the need to alternate positions between sitting, standing, and walking as needed for comfort as they are positions which are performed primarily seated, but do include brief periods of standing and walking, which can be timed at the worker's own volition. As the positions are performed at the desk level, the jobs could reasonably be performed with the restriction of no reaching overhead. | AR 1139. |

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

|  | These occupations exist in reasonable numbers in the local labor market economy, use skills and/or worker traits and habits the claimant possesses and are within his physical, mental and cognitive abilities.  These findings are indicative that Mr. Eigner possesses the capabilities to perform these occupations with minimum training in tools and/or materials. |  |

### 3.   Claim Termination Letter

| Def.'s SUF No. | Fact | Supporting Evidence |
| --- | --- | --- |
| 53. | Hartford terminated Plaintiff's LTD benefits effective February 29, 2016. | AR 1916-20. |
| 54. | Its letter set out the applicable Policy provisions, and the information it considered in rendering its decision. Hartford's letter further addressed Plaintiff's SSDI Award and explained why it had reached a different decision than the SSA based on the different information it had before it. | AR 1917. |

### D.   Plaintiff's Appeal

| Def.'s SUF No. | Fact | Supporting Evidence |
| --- | --- | --- |
| 55. | By letter dated August 22, 2016, Plaintiff, through counsel, appealed Hartford's adverse benefits determination. | AR 1047-70. |
| 56. | With this letter and through subsequent communications, Plaintiff submitted | AR 319-33. |

04162186.1

14

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | several exhibits with his appeal including medical records and forms prepared in 2011 and 2012. | |

1.   Updated Medical Records and Physician Opinions.

| Def.'s SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 57. | Updated records from Dr. Mitchell, Plaintiff's cardiologist, reveal that Plaintiff was admitted to the emergency room in March 2016 and evaluated for atypical chest discomfort following alcohol excess the previous night (in which he drank twelve beers). | AR 479. |
| 58. | Follow-up cardiologist records from March 21, 2016 and April 4, 2016 note that he is "asymptomatic," that he "has no signs or symptoms of congestive heart failure," and that he is on "appropriate medical management." | AR 475-82. |
| 59. | An October 28, 2015 stress test was also determined to be normal. | AR 502-03. |
| 60. | Dr. Mitchell also submitted an August 11, 2016 letter in support of Plaintiff's appeal in which he indicated that stress could "adversely impact" his underlying cardiovascular condition, however he provided no specific restrictions and limitations at this time. | AR 515. |
| 61. | The actual x-ray reports from 2010 and 2014 were submitted as well. An older record of a November 19, 2010 x-ray of the thoracic spine showing changes consistent with spondylosis coexisting with DISH-like changes. | AR 92. |

04162186.1

15

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| 62. | A 2014 x-ray of the lumbar spine reflected "multilevel disc space narrowing lower lumbar spine with mild spondylitic changes throughout the lumbar spine." | AR 516. |
| 63. | An x-ray of the thoracic spine showed "degenerative changes." | AR 517. |
| 64. | No additional x-rays or MRIs of the spine or neck from 2014 forward were provided. | |
| 65. | Plaintiff's chiropractor submitted a declaration dated July 30, 2016 in which he details his treatment history with Plaintiff and his diagnoses, Plaintiff's complaints of pain which Dr. Shlies describes as "frequent" and "severe," and Dr. Shlies' opinion that Plaintiff remains totally disabled. | AR 351-55. |
| 66. | He also submitted a PCE form, dated July 30, 2016, in which he indicated that Plaintiff could work less than one hour a day and that he could not perform nearly any physical activity for more than one hour a day total during the day. | AR 553-54. |
| 67. | Dr. Deutsch also submitted a declaration dated July 30, 2016 which similarly tracked his treatment history with Plaintiff and his opinion that Plaintiff's pain complaints are "sincere" and that Plaintiff cannot return to full-time work. | AR 526-28. |
| 68. | Dr. Deutsch also submitted an August | AR 533-35. |

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | 9, 2016 PCE form, however he left the physical limitation section blank. | |
| 69. | Instead he indicated that Plaintiff would have to take unscheduled breaks every hour for 5-10 minutes to stretch and move, that Plaintiff would miss work more than four times a month, and that Plaintiff's pain medication, antidepressants and relaxants would affect his ability to work. | AR 534. |
| 70. | On August 26, 2016, neurologist Dr. Sheehy examined Plaintiff and noted that, while Plaintiff has chronic neck pain, "there is no finding on the present MRI scan to account for it." | AR 169. |
| 71. | Dr. Sheehy also commented on Plaintiff's arm paresthesias and indicated that he did not believe that surgery would bring about significant improvement. | AR 169. |
| 72. | Plaintiff also submitted an office visit note from Dr. Ishak, an orthopedist, who saw Plaintiff one time on September 13, 2016, primarily for complaints of hand pain. | AR 217-220. |
| 73. | At that time, Plaintiff underwent a hand x-ray which reflected a "normal exam" demonstrating "no acute or chronic abnormalities." | AR 219. |
| 74. | Dr. Ishak assessed Plaintiff with carpel tunnel syndrome and wrist pain on his left hand. | |

2.    Other Declarations and Records

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| Def.'s SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 75. | In addition to medical records and doctors' opinions, Plaintiff submitted a "pain journal" reflecting dates and locations he felt pain, and his own declaration as well as declarations of some of his friends. | AR 770-777. |
| 76. | Plaintiff's declaration, dated August 19, 2016, describes his pain and its impact on his activities of daily living. | AR 357-361. |
| 77. | Plaintiff also addressed the surveillance video reflecting him active at the "Surf Rodeo" beach festival for fourteen hours.  He indicates that he was in pain that day, that he took pain medication and drank alcohol "to get through the day." | AR 359. |
| 78. | He indicates that he now has lower back pain and reiterates his opinion that he cannot work a 40 hour week. | AR 361. |
| 79. | John Drury, a friend of Plaintiff's and the producer of the Surf Rodeo, also submitted a declaration in which he said that Plaintiff did not do any heavy lifting at the Rodeo.  He added that "Dave spent the day sitting in the golf cart, and laying down in the Base Camp." | AR 362-63. |
| 80. | He also indicated that Plaintiff did not lift anything heavy that day. | AR 362-63. |
| 81. | Other friends of Plaintiff, his sister and his sons submitted declarations that | AR 365-378. |

04162186.1

18

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | also said Plaintiff suffered from pain and that he sat in the golf cart during the Surf Rodeo. | |

### 3. SSDI Notice of Decision

| Def.'s SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 82. | Plaintiff also submitted the April 26, 2013 Administrative Law Judge (ALJ) opinion finding him disabled from September 28, 2010 through April 26, 2013. | AR 435-440. |
| 83. | The ALJ relied on 2010 physical therapy notes, a May 2010 MRI, March 2011 x-rays, a May 2011 opinion from Plaintiff's then-neurosurgeon, a consultation from October 2011, shoulder surgery notes from November 2011, an April 2012 opinion from his internist, and assorted medical records through April 2013. In making her determination, the ALJ did note that "[m]edical improvement is expected with appropriate treatment. Consequently, a continuing disability review is recommended in 36 months." | AR 440. |

### 4. Vocational Evaluation Report

| Def.'s SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 84. | Finally, Plaintiff submitted an August 22, 2016 vocational evaluation report completed by Meyers Vocational Consulting Services, which challenged Hartford's prior employability analysis on several fronts. | AR 1029-1044. |

04162186.1

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**E.     Hartford's Consideration of Plaintiff's Appeal and Appeals Decision**

1.     Peer Reviews

| Def.'s SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 85. | In reviewing Plaintiff's appeal, Hartford requested that a board certified cardiologist and board certified physical medicine and rehabilitation specialist review Plaintiff's records and speak with his treating physicians. | AR 296-98. |

a.     *Dr. Borzak*:

| Def.'s SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 86. | Dr. Borzak, a physician board certified in cardiovascular disease, reviewed Plaintiff's file on September 12, 2016 from a cardiac perspective. | AR 189-198. |
| 87. | Dr. Borzak spoke with both Dr. Deutsch and Dr. Mitchell who both agreed that Plaintiff was not impaired from working from a cardiac standpoint.  They both described the one episode Plaintiff had suffered from as being brought on by a "substance abuse" (alcohol excess) incident and that those issues had resolved. | AR 193. |
| 88. | Dr. Borzak added that Plaintiff's complaints of chronic musculoskeletal pain were beyond the scope of a cardiology review and that there was no cardiac basis for fatigue or any other symptoms. | AR 197. |

04162186.1

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| 89. | Finally he added that "there is no source of impairment related to cardiac medications or their side effects" nor was there any basis for cognitive complaints. | AR 197. |

b.   *Dr. Krouskop*:

| Def.'s SUF No. | Fact | Supporting Evidence |
| --- | --- | --- |
| 90. | Dr. Krouskop, a board certified physical medicine and rehabilitation specialist, reviewed Plaintiff's file and issued a report on September 26, 2016. | AR 198-210. |
| 91. | Dr. Krouskop spoke with Plaintiff's internist, Dr. Deutsch, and his chiropractor, Dr. Splies.  Dr. Deutsch and Dr. Krouskop discussed the restrictions with respect to hand use grasping, but Dr. Deutsch did not agree or disagree with Dr. Krouskop. | AR 201. |
| 92. | Dr. Splies raised a possible radiculopathy diagnosis with the reviewing physician, but Dr. Krouskop, who had the benefit of all of Plaintiff's submitted and collected records, noted that electrodiagnostic studies from June 2016 found no evidence to support the presence of an ongoing cervical radiculopathy. | AR 201. |
| 93. | After reviewing all of the available test results and medical records, the surveillance and speaking with Plaintiff's treating physicians, Dr. Krouskop provided the following | AR 208-09. |

04162186.1

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | | |
|---|---|---|---|
| | | opinions: (1) "Mr. Eigner's multilevel cervical fusion and pain complaints would support a 20-lb. lifting restrictions."; (2) "Since his cervical range of motion is limited by the fusion, he should be restricted from work above shoulder level."; (3) "Mr. Eigner should also be allowed to change posture from sitting to standing once or twice per hour.";  (4) "The available medical evidence does not support that Mr. Eigner's medications and/or side effects have caused any persistent adverse effect to warrant any work restrictions." | |
| | 94. | Hartford specifically asked Dr. Krouskop to respond to the following question: "Are the reported pain complaints supported by the evidence and if so, how would Mr. Eigner's pain impact his ability to function in a work environment?"  The physical medicine and rehabilitation specialist responded:<br><br>Mr. Eigner complained of persistent neck/upper extremity pain.  As noted on multiple physical examinations, however; his shoulders have maintained functional forward flexion and abduction indicating he is using his upper extremities on a regular basis.  If he were not using his extremities on a regular basis, he would have more significant loss of range of motion. Mr. Eigner's treating physicians have not pursued any new medication trials or initiated treatment with a long-acting narcotic, which would be | AR 209. |

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | expected if Mr. Eigner's pain complaints were out of control. Mr. Eigner's pain would be expected to be satisfactorily controlled in a work environment if he were to maintain his activities within the restriction/limitations [set out by Dr. Krouskop]. | |

c. *Dr. Krouskop Addendum*:

| Def.'s SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 95. | On October 11, 2016, Dr. Krouskop reviewed newly submitted information and supplied an addendum to his prior report. | AR 76-78. |
| 96. | The new information included a November 2010 thoracic spine report, therapy records from May 2016 and a neurologist's office visit note from August 2016. | AR 77. |
| 97. | Dr. Krouskop first noted that no new restrictions or limitations had been submitted by treating physicians. He then reviewed the records and noted that Dr. Sheehy had not noted any adverse side effects from Plaintiff's prescription medication regimen, that Dr. Sheehy was not optimistic that surgical interview for carpal tunnel syndrome or left ulnar neuropathy would result in improvement for Plaintiff and noted that, while the 2010 | AR 77. |

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | x-ray may have suggested the presence of DISH[4]-like changes, the more recent lumbar and thoracic spine x-rays "have identified multilevel disk space narrowing but they do not report findings consistent with anterior longitudinal ligament calcification or bridging osteophytes consistent with [DISH]." | |
| 98. | He concluded by noting that the additional information was insufficient to change his prior opinions. | AR 78. |

2.    Updated Employability Analysis and Labor Market Survey

| Def.'s SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 99. | On October 17, 2016, Hartford undertook an updated employability analysis based on the functional capabilities provided by Dr. Borzak's and Dr. Krouskop's peer reviews and Dr. Krouskop's addendum. | AR 33-68. |
| 100. | The analysis incorporated Dr. Krouskop's finding that Plaintiff should be allowed to change posture from sitting to standing once or twice an hour. | AR 33. |
| 101. | Through its vocational clinical case manager, Hartford identified five sedentary occupations that could perform, including safety manager, risk and insurance manager, employee welfare manager, employment | AR 34. |

_____

[4] Diffuse Idiopathic Skeletal Hyperostosis (DISH).

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | manager and office manager. | |
|---|---|---|---|
| 102. | | Hartford then incorporated the results of a Labor Market Survey that had been performed on September 20, 2016. | AR 34; AR 278. |
| 103. | | The survey reviewed the prevalence of the identified sample occupations identified for the Ventura, California area. | AR 100-120. |
| 104. | | It determined that the occupations were reasonably available in Plaintiff's local geographical area. | AR 34. |

**F.     Hartford's Final Determination**

| Def.'s SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 105. | Hartford upheld its prior adverse benefit determination on October 19, 2016. | AR 1886-1891. |
| 106. | In its letter, Hartford addressed Plaintiff's appeals submissions and the independent reviews from Drs. Borzak and Krouskop in detail.  The letter also again addressed the SSDI Award and noted that Hartford's decision included a vocational analysis of transferable skills and was based on more recent medical information than that used by the SSA at the time of their initial decision." | AR 1890. |
| 107. | On January 10, 2017, Plaintiff filed suit in this Court under 29 U.S.C. § 1132(a)(1)(B). | Doc. 1. |

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

1

2

3   DATED:  September 28, 2017          MAYNARD, COOPER & GALE, LLP

4
                                        By: _____
5                                            Linda B. Oliver
                                             Attorney for Defendant
6                                            HARTFORD LIFE AND ACCIDENT
                                             INSURANCE COMPANY
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

04162186.1                              26

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S
STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT**

# PROOF OF SERVICE

STATE OF CALIFORNIA          )
COUNTY OF SAN FRANCISCO     )

     I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 600 Montgomery Street, Suite 2600, San Francisco, California 94111.

     On the date indicated below, I served the foregoing document described as:

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S STATEMENT OF UNDISPUTED FACTS**

✓ By CM/ECF ELECTRONIC SERVICE: The following recipients are registered as CM/ECF Users with the Court, and have consented to service through the Court's automatic transmission of a notice of electronic filing:

Charles J. Fleishman
The Fleishman Law Firm
21243 Ventura Blvd., Ste. 141
Woodland Hills, CA 91364

     I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

     Executed September 28, 2017 at San Francisco, California.

_____
Rachel Ouk

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S STATEMENT OF UNDISPUTED FACTS**