**THE FLEISHMAN LAW FIRM**
Charles J. Fleishman Bar# 46405
Paul A. Fleishman Bar# 251657
21243 Ventura Blvd., Suite 141
Woodland Hills, CA 91364
telephone (818)805-3161
fax (818)805-3163
erisa@erisarights. com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

DAVID EIGNER,

        Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, a corporation; DOES 1-10,

        Defendants.

Case No. 17 CV 211 VAP (JEMx)

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

Date: October 23, 2017
Time: 2 p.m.
Courtroom: 8A
Judge: Hon. Virginia Phillips

      The dispositive issue of this case is plaintiff's inability to sit for more than 4 hours in an 8 hour workday. Defendant claims that plaintiff "is trying to fit square peg medical opinions into the case law's round hole. Contrast <u>Armani v. Northwestern Mut. Life Ins. Co.</u>, 840 F.3d 1159 (9th Cir. 2016); <u>Cruz-Baca v. Edison Int'l Long Term Disability Plan</u>, ---F.App'x---, 2017 WL 3888005, at *1(9th Cir. Spept. 6, 2017)." Doc 26, pg 5/9-12. I am not sure what the defendant means but an examination of the 2 cases it cited shows that no matter the shape of the holdings of the 9th Circuit regarding sitting ability, if the claimant is unable to sit

1

for at least 4 hours in an 8 hour workday, his claim fits comfortably into those holdings. "Regarding whether a claimant can perform sedentary work, we have a 'common sense,' bright line rule: 'an employee who cannot sit for more than four hours in an eight-hour workday cannot perform "sedentary" work that requires sitting "most of the time."'" Cruz-Baca, *3 citing Armani, *1163*. If a preponderance of the evidence shows that Mr. Eigner cannot sit for more than 4 hours in an 8 hour workday, as a matter of law, his claim fits the holdings of the above cases from the Ninth Circuit.

  Defendant claims that "Plaintiff isolates one or two provider opinions that are overstated, not supported by the Record (sic) including Plaintiff's observed activity level, or undermined by the opinions of physicians specializing in Plaintiff's very conditions." Doc 26, pg 1/12-15. Actually Plaintiff relies on the opinions of three doctors, not one or two. One, Dr. Epstein, was hired by the defendant itself and the other two, Drs. Splies and Deutsch, are treating doctors. Also relied upon is the decision of the ALJ in the Social Security claim limiting plaintiff's sitting ability to 4 hours. 438-439. Plaintiff further relies on the fact that neither of the other defendant hired doctors, Drs. Mummaneni and Krauskop, expressly contradicted the sitting opinions of Drs. Epstein, Deutsch, and Splies.

  Defendant poses an argument that is unintelligible to this writer. Plaintiff, it is claimed, "takes the opinion of Hartford's second IME doctor completely out of context." Doc 26, pg 4/19-20. Somehow defendant thinks that the words "up to 40 hours a week" and "He can do this 8 hours a day, up to 40 hours a week" changes the meaning of "The claimant should be able to sit for the majority of an average 8 hour day." The obvious meaning of the whole section of Dr. Mummaneni's discussion regarding sitting is that Mr. Eigner can work 8 hours a day, 40 hours a week, sitting more than half of the time interspersed with walking and standing for up to 30 minutes at a time after very 5 to 30 minutes of sitting. Dr. Mummaneni did not mean, as the defendant seems to try to convince us, that

Mr. Eigner can sit for 8 hours a day 40 hours a week. If that were the case, there would be no time left for walking or standing.

Regarding the opinion of Defendant's Dr. Krauskop, clearly he did not dispute, either in his conversation with Dr. Deutsch or in his report, the opinion that Mr. Eigner was limited to 4 hours of sitting. At most, he voiced no opinion on the subject. This is indeed strange since when Dr. Epstein failed to discuss the issue, The Hartford made him do an addendum.

Defendant relies heavily on the surveillance of the plaintiff at the surf rodeo. The fact that a disability claimant can be filmed moving and breathing does not mean that they are not disabled.

In Chellino v. Kaiser, 352 Fed.Appx. 164 (9th Cir. 2009) the claimant was filmed carrying empty plastic buckets, driving a car and riding horses. The defendant was still found to have been arbitrary and capricious in denying disability benefits. Similarly in this case, the filmed surveillance (3+ hours) does not show what the defendant sees in it. We know this because the defendant had its Drs. Mummaneni and Krauskop review the film; after viewing it they both came out with restrictions and limitations. Defendant relies on the expertise of the filmer for a description of the plaintiff's health and activity for the unfilmed portion of the time plaintiff spent at the surf rodeo, 11 hours. The filmer has no known qualifications allowing him to opine on the plaintiff's condition. Defendant writes that Mr. Eigner was "observed sitting for the majority of a fourteen hour day." Doc 26, pg 4/17-18. Since there is only 3 hours of film, all that alleged sitting must be based on the filmer's observations as described in his report. Yet, a review of the documents cited by the defendant to support its statement does not support the statement at all. First we are referred to AR 1328. It does not say anything about Eigner sitting "the majority of a fourteen hour day." The second alleged source of the information, Dr. Epstein's report, was written in 2013. Since the surf rodeo took place in 2015, there can be nothing in that report dealing with Mr. Eigner's

activities at the event.

Next, defendant points out that Eigner saw an orthopedist for hand pain in September 2016 and he did not provide restrictions. "In fact," the defendant writes, "even though the scope of the specialist's purported treatment was oddly limited to examining Plaintiff's hands, even that clinical testing revealed 'no acute or chronic abnormalities' and **the physical exam was normal**." Doc 26, pg 6/2-6, emphasis added.  Again, a check on the portions of the administrative record that are supposed to support the statement shows that it is false.  Neurological testing of both the right and left wrist produced "positive Phalens positive Tinels positive carpal tunnel compression test." 218, 219.  All three tests are for the diagnosis of carpal tunnel syndrome.  The doctor in question diagnosed Mr. Eigner accordingly. Furthermore, Eigner saw the orthopedist for his hand pain and not for his neck or back pain.  Orthopedists have sub specialties.  Some are hand doctors, some foot doctors, some do backs.  If one has hand pain, it is not unusual that he would go to a hand doctor, an orthopedist specializing in hands.  It is also not surprising that a hand doctor would fail to comment on a patient's back or neck condition.  Widmark v. Barnhart, 454 F.3d 1063, 1068 (9th Cir. 2006)[it is unreasonable to expect a doctor seen to examine the back and neck to also examine the full range of motion of a thumb.]

Defendant points out the doctrine of Black & Decker v. Nord, 538 U.S. 822 (2003) limiting the treating doctor rule to social security cases.  Review in this case is de novo.  "On de novo review, a district court may, in conducting its independent evaluation of the evidence in the administrative record, take cognizance of the fact (if it is a fact in the particular case) that a given physician has 'a greater opportunity to know and observe the patient' than a physician retained by the plan administrator."  Jebian v. Hewlett-Packard, 349 F.3d 1098 fn8 (9th Cir. 2003).  Both Drs. Deutsch and Splies have been treating Mr. Eigner for years.

Defendant claims that a neurologist examining Mr. Eigner in August 2016

found that "elctrodiagnostic studies from June 2016 did not support the presence of ongoing cervical radiculopathy." Doc 26, pg 8/16-20.  Based on this, defendant seems to be arguing that there is no "objective" testing explaining the plaintiff's claims of neck pain. The administrative record, however, seems to contradict defendant.  The doctor in question wrote, "EMG/NCV of the upper extremities (June 10, 2016) – left ulnar neuropathy and mild bilateral carpal tunnel syndrome **with chronic right C5 radiculopathy."** 169, emphasis added.  So where did the defendant come up with the idea that there was no cervical radiculopathy? Defendant cites to AR 201.  That page is part of Dr. Krauskop's report.  It was not the neurologist seen by the plaintiff in August 2016 that wrote that there was no electrodiagnostic test that showed cervical radiculopathy.  It was Dr. Krauskop who wrote it.  He got it wrong again.

     Finally, defendant argues that the social security decision offers little support for the plaintiff's claim because the ALJ expected Mr. Eigner's condition to improve and called for a further review of his claim in three years.  First, the Ninth Circuit has cautioned judges that they are not doctors and should not make medical judgments. Hoffman v. Screen Actors Guild, 571 F.3d 588, 591 (9th Cir. 2014). ALJ's are not doctors either and their medical opinions are as suspect as the district court judge's medical opinion in Hoffman.  Second, if the defendant was basing its decision in part on the medical opinion of the ALJ, it should note that more than three years have passed since the plaintiff was awarded social security benefits and he is still receiving them.

     In the end, the defendant relies on case law that does not support its arguments.  Safavi v. SBC, 493 F.Supp.2d 1107 (CD Cal 2007) was an abuse of discretion case.  What would justify a termination of benefits when review is for abuse of discretion does not necessarily work when review is de novo.  A couple of more on point decisions are Leetzow v. MetLife, 2016 U.S. Dist. LEXIS 173698 and Trevizo v. Berryhill, 2017 WL 4053751 (9th Cir. 2017).

In conclusion, Plaintiff's motion for summary judgment should be granted and defendant's denied.

DATED:  October 9, 2017                           Respectfully submitted
                                                  /s/*Charles J. Fleishman*
                                                  CHARLES J. FLEISHMAN
                                                  Attorney for plaintiff